ASH

WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Sanchez, | No.    CV-25-00564-PHX-JAT (MTM) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Marion, et al., | |
| Defendants. | |

Plaintiff Francisco Sanchez, who is confined in the Arizona State Prison Complex-Lewis, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will order Defendants Marion and Prater to answer Count One of the Complaint, and will dismiss the remaining claims and Defendants without prejudice.

**I.    Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

TERMPSREF

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

### III.    Complaint

In his three-count Complaint, Plaintiff names as Defendants: Pinal County Sheriff Mark Lamb; Pod Officers (PO) Marion and Prater; and Disciplinary Hearing Officer (DHO) Heredia.  Plaintiff seeks monetary relief, and punitive damages.

In Count One, Plaintiff alleges that on October 14, 2024, he was told by Marion and Prater to bunk in an upstairs cell.  Plaintiff informed them that he had a lower tier, lower bunk medical waiver.  When the officers insisted that Plaintiff go upstairs, Plaintiff asked to see a supervisor and informed them that he would refuse to house until he spoke with a supervisor.  In response, Marion "grabbed [Plaintiff], threw [him] against the wall, kneed[him] on the side, and threw [him] violently to the ground," causing Plaintiff to injure his shoulder.  Marion then "filed a false disciplinary report to cover up their assault."  As such, Plaintiff alleges that Marion and Prater used excessive force.

In Count Two, Plaintiff alleges that Heredia presided over a hearing stemming from the disciplinary report written by Marion and Prater on October 14, 2024.  Plaintiff requested an investigation and told Heredia that "the officers lied in their reports," but Heredia "failed to investigate and found [Plaintiff] guilty on the officers' word alone." Heredia then told Plaintiff not to appeal the finding because it was "best not to," which Plaintiff understood as "a threat that more harm may come."  Accordingly, Plaintiff alleges that Heredia violated his due process rights.

In Count Three, Plaintiff alleges that Lamb and other "supervisors" failed "to supervise and control the jail prison officers."  Plaintiff alleges that "if the officers have done this before," Lamb is "statutorily responsible."

### IV.    Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury

as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.    Count Two

A pretrial detainee has a substantive due process right against restrictions that amount to punishment for a criminal offense. *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing *United States v. Salerno*, 481 U.S. 739, 746 (1987); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Redman v. County of San Diego*, 942 F.2d 1435, 1440-41 (9th Cir. 1991) (en banc)).  In determining whether restrictions of pretrial detention implicate the protection against deprivation of liberty without due process of law, the court must determine whether those restrictions amount to punishment of the detainee. *Bell*, 441 U.S. at 535.  If such restrictions amount to punishment implicating the detainee's liberty, the detainee is entitled to the procedural protections set forth in *Wolff v. McDonnell*. *See id.*; *Mitchell v. Dupnik*, 75 F.3d 517, 525 (9th Cir. 1996).  But there is a distinction between punitive measures that may not be constitutionally imposed prior to a determination of guilt and regulatory restraints that may; the fact that detention interferes with a detainee's desire to live as comfortably as possible with as little restraint as possible does not convert restrictions of detention into punishment. *Bell*, 441 U.S. at 537.

If a restriction of pretrial detention "is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* at 538.  Conversely, if a restriction is arbitrary or purposeless, the Court may infer that the purpose of the governmental action is to punish. *Id.* at 539.  But "[r]estraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment," even if they are uncomfortable and would not have been imposed on the detainee if he had been released while awaiting trial. *Id.* at 540.  Even when an institutional restriction infringes upon a specific constitutional guarantee, the "practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." *Id.* at 547.  "[Jail] administrators therefore should be

accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* The duration of the restriction is relevant in determining whether the restriction amounted to punishment. *See, e.g.*, *id.* at 562.

Here, however, Plaintiff fails to allege how, or if, he was sanctioned as a result of being found guilty, or facts to support that any sanction amounted to punishment. As such, without additional factual allegations, Plaintiff has failed to state a due process claim against Heredia in Count Two, and it will thus be dismissed.

**B.    Count Three**

There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Lamb personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.* Accordingly, Plaintiff has failed to state a claim in Count Three, and it will thus be dismissed.

**V.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has alleged facts sufficient to support an excessive force claim against Defendants Marion and Prater in Count One, and they will be required to answer that Count.

## VI.  Warnings

### A.  Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

### B.  Address Changes

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.  Copies

Because Plaintiff is currently confined in an Arizona Department of Corrections, Rehabilitation & Reentry Complex or Private Facility subject to General Order 23-19, Plaintiff can comply with Federal Rule of Civil Procedure 5(d) by including, with every document Plaintiff files, a certificate of service stating that this case is subject to General Order 23-19 and indicating the date the document was delivered to prison officials for filing with the Court.  Plaintiff is not required serve Defendants with copies of every document or provide an additional copy of every document for the Court's use.

**If** Plaintiff is transferred to a facility other than one subject to General Order 23-19, Plaintiff will be required to: (a) serve Defendants, or counsel if an appearance has been entered, a copy of every document Plaintiff files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court.  *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.  Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these

warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     Counts Two and Three are **dismissed** without prejudice.

(4)     Defendants Lamb and Heredia are **dismissed** without prejudice.

(5)     If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be filed on the court-approved form and retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(6)     Defendants Marion and Prater must answer Count One.

(7)     The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Marion and Prater.

(8)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(10)     The United States Marshal must retain the Summons, a copy of the

TERMPSREF

Complaint, and a copy of this Order for future use.

(11)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(12)    A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(13)    The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(14)    Defendants must answer the Complaint or otherwise respond by appropriate

1   motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

2   Rules of Civil Procedure.

3           (15)    Any answer or response must state the specific Defendant by name on whose

4   behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

5   does not identify the specific Defendant by name on whose behalf it is filed.

6           (16)    This matter is referred to Magistrate Judge Michael T. Morrissey pursuant to

7   Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

8   authorized under 28 U.S.C. § 636(b)(1).

9           Dated this 28th day of August, 2025.

10

11

12                                                        _____

13                                                             James A. Teilborg
                                                             Senior United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28