KAB

WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Francisco Sanchez,

Plaintiff,

v.

Unknown Marion, et al.,

Defendants.

No. CV-25-00564-PHX-JAT (MTM)

**ORDER**

Plaintiff Francisco Sanchez, who is currently confined in the Arizona State Prison Complex-Lewis, brought this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Defendants' Motion for Summary Judgment (Doc. 21) and Plaintiff's Motion for Rule 56(d) Relief (Doc. 26).

**I.      Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an excessive force claim against Defendants Marion and Prater in Count One based on Plaintiff's allegations that, while incarcerated in the Pinal County Adult Detention Center (PCADC), Pod Officer Marion "grabbed [Plaintiff], threw [him] against the wall, kneed[him] on the side, and threw [him] violently to the ground," causing Plaintiff to injure his shoulder and Pod Officer Prater, who was present, did not intervene to stop the assault. (Docs. 6, 1.) The Court dismissed the remaining claims and Defendants. (Doc. 6.)

**II.     Motion for Summary Judgment**

In their Motion for Summary Judgment, Defendants assert that Plaintiff did not properly

exhaust his available administrative remedies.

### A. Legal Standards

#### 1. Summary Judgment

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3). . . . .

### 2. Exhaustion

Under the Prison Litigation Reform Act, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). The prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The defendant bears the initial burden to show that there was an available administrative remedy and that the prisoner did not exhaust it. *Albino v. Baca*, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014); *see Brown*, 422 F.3d at 936-37 (a defendant must demonstrate that applicable relief remained available in the grievance process). Once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. The ultimate burden, however, rests with the defendant. *Id.* Summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to the prisoner, shows a failure to exhaust. *Id.* at 1166, 1168; *see* Fed. R. Civ. P. 56(a).

If summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge; a plaintiff is not entitled to a jury trial on the issue of exhaustion. *Albino*, 747 F.3d at 1170-71. But if a court finds that the prisoner exhausted administrative remedies, that administrative remedies were not available, or that the failure to exhaust administrative remedies should be excused, the case proceeds to the merits. *Id.* at 1171.

### B. Facts

Pinal County Sheriff's Office (PCSO) Standard Operating Procedure 4.3 sets forth

the procedure for detainees incarcerated in PCADC to grieve claims that arise during their incarceration.  (Doc. 22 ¶ 4.)  The grievance procedure generally requires a detainee to complete an Inmate Request Form within 5 days of the incident giving rise to the grievance.  (*Id.* ¶¶ 16, 19.)  The remaining steps in the procedure require the detainee to submit an Informal Resolution Form, a Formal Grievance Form, an appeal form, and a second-level appeal form.  (*Id.* ¶¶ 25-45.)

Defendants assert that Plaintiff submitted an Inmate Request Form on December 31, 2024 regarding the October 14, 2021 incident, but it was denied as untimely.  (*Id.* ¶¶ 54-55.)  Defendants assert they did not receive any other grievance forms from Plaintiff in relation to the October 14, 2021 incident.  (*Id.* ¶¶ 59-60, 65-67.)

In response to Defendants' interrogatories, Plaintiff asserted that

> on October 14, 2024, . . . he was abused by Officers Marion and Officer Prater. On October 21, 2024, Plaintiff received a [sic] Informal Complaint form from Sgt. S. Carrion and Plaintiff return [sic] the Informal back later that day his Complaint [sic] to Sgt. Carrion. On October 31, 2024, Plaintiff received a response back denying his relief. On November 4, 2024, Plaintiff filed his Formal Grievance form given to him by Sgt. S. Carrion later that same day. On November 22, 2024, Plaintiff received a responses [sic] to his Formal Grievance. On November 27, 2024, Plaintiff filed his Grievance Appeal form given to him by Sgt. S. Carrion later that same day. On December 19, 2024 Plaintiff received the response to his Grievance Appeal denying him relief.

(*Id.* ¶ 63.)

### C.    Rule 56(d) Request

Plaintiff filed a request for relief pursuant to Rule 56(d) stating that he exhausted through both written forms and then through transcribing those forms onto the inmate tablet and he needs to obtain the information from the tablet that Defendants have stored.  Plaintiff also asserts the paper copies of his documents are in his property, but he has been unable to obtain them.

In Response, Defendants assert that Plaintiff did not identify specific facts in his

declaration that he hopes to elicit through further discovery and Plaintiff seeks to obtain documents from Defendants that Defendants aver do not exist and Plaintiff's assertion that he submitted grievance documents through the inmate tablet is impossible because detainees were unable to electronically submit grievances on inmate tablets in 2004.

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may issue any appropriate order, including deferring consideration of the motion for summary judgment or denying it, or allowing "time to obtain affidavits or declarations or to take discovery." Fed R. Civ. P. 56(d). The party requesting relief under Rule 56(d) must set forth in its affidavit or declaration: (1) "specific facts it hopes to elicit from further discovery," (2) that "the facts sought exist," and (3) that "the sought-after facts are essential to oppose summary judgment." *Family Home & Finance Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (discussing former Rule 56(f)). "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." *Id.* (internal quotation marks omitted).

Plaintiff has not met either the procedural or substantive requirements of Rule 56(d). Plaintiff did not set forth in his affidavit or declaration any of the requirements of Rule 56(d). Moreover, Plaintiff seeks to obtain evidence from Defendants that Defendants do not have in their possession and seeks to obtain evidence about facts that are in his personal knowledge and which he can attest to. Additionally, in his response to Defendants' interrogatories, Plaintiff claims he exhausted, but does not assert that he filed a second level appeal, indicating that he did not fully exhaust his administrative remedies. As such, even if Plaintiff were able to obtain copies of the grievances he claims he filed, it is unclear whether such documents would demonstrate that he exhausted. For all the foregoing reasons, Plaintiff's Motion seeking relief pursuant to Rule 56(d) will be denied.

Plaintiff will be required to respond to the Motion for Summary Judgment within 14 days of the date of this Order.

**IT IS ORDERED:**

(1)    The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Rule 56(d) Relief (Doc. 26).

(2)    Plaintiff's Motion for Rule 56(d) Relief (Doc. 26) is **denied**.

(3)    Plaintiff must file a response to Defendants' Motion for Summary Judgment as stated in Doc. 30.

Dated this 30th day of March, 2026.

James A. Teilborg
Senior United States District Judge

- 6 -