KAB

WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Francisco Sanchez,

Plaintiff,

v.

Marion, et al.,

Defendants.

No. CV-25-00564-PHX-JAT (MTM)

**ORDER**

Plaintiff Francisco Sanchez, who is currently confined in the Arizona State Prison Complex-Lewis, brought this civil rights action pursuant to 42 U.S.C. § 1983. Defendants move for summary judgment. (Doc. 21.) Plaintiff was informed of his rights and obligations to respond pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) (Doc. 24), and he opposes the Motion. (Doc. 34.)

Plaintiff also seeks reconsideration of the Court's March 30, 2026 Order denying him relief pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. (Doc. 33.)

## I.    Background

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an excessive force claim against Defendants Marion and Prater in Count One based on Plaintiff's allegations that, while incarcerated in the Pinal County Adult Detention Center (PCADC), Pod Officer Marion "grabbed [Plaintiff], threw [him] against the wall, kneed[him] on the side, and threw [him] violently to the ground," causing Plaintiff to injure

his shoulder and Pod Officer Prater, who was present, did not intervene to stop the assault. (Docs. 6, 1.)  The Court dismissed the remaining claims and Defendants.  (Doc. 6.)

**II.    Plaintiff's Motion for the Court to Vacate Its Order Dated 3/30/2026 (Doc. 33)**

Plaintiff seeks reconsideration of the Court's March 30, 2026 Order on the basis that "the Court is rushing this matter [and] did not give plaintiff time to file" his reply in support of his Motion for Rule 56(d) relief.  (Doc. 33.)

The Court has discretion to reconsider and vacate a prior order.  *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992).  "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."  LRCiv 7.2(g)(1).  Any motion for reconsideration must specifically identify the matters that were overlooked or misapprehended by the Court.  *Id.*  If any new matters are being brought to the Court's attention for the first time, the movant must identify the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order.  *Id.*  No motion for reconsideration of an Order may repeat any oral or written argument made in support of or in opposition to the motion that resulted in the Order.  *Id.*

In its March 30, 2026, the Court denied Plaintiff's request for Rule 56(d) relief on the following basis:

> Plaintiff has not met either the procedural or substantive requirements of Rule 56(d). Plaintiff did not set forth in his affidavit or declaration any of the requirements of Rule 56(d). Moreover, Plaintiff seeks to obtain evidence from Defendants that Defendants do not have in their possession and seeks to obtain evidence about facts that are in his personal knowledge and which he can attest to. Additionally, in his response to Defendants' interrogatories, Plaintiff claims he exhausted, but does not assert that he filed a second level appeal, indicating that he did not fully exhaust his administrative remedies. As such, even if Plaintiff were able to obtain copies of the grievances he claims he filed, it is unclear whether such documents would demonstrate that he exhausted. For all the foregoing reasons, Plaintiff's Motion seeking relief pursuant to

Rule 56(d) will be denied.

(Doc. 31 at 5.)   Plaintiff does not set forth any matters that were overlooked or misapprehended by the Court and does not identify any information he would have put in a reply that would have changed the Court's decision.  Accordingly, Plaintiff has failed to make any showing that he is entitled to reconsideration of the Court's March 30, 2026 Order, and his Motion to Vacate will be denied.

## III.    Defendants' Motion for Summary Judgment

Defendants argue that they are entitled to summary judgment because Plaintiff did not properly exhaust his available administrative remedies.  In Response, Plaintiff asserts that he exhausted his available administrative remedies via the Inmate Tablet.

### A.    Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything.  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).  But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial."

*Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

### B. Exhaustion

Under the Prison Litigation Reform Act, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). The prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The defendant bears the initial burden to show that there was an available administrative remedy and that the prisoner did not exhaust it. *Albino v. Baca*, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014); *see Brown*, 422 F.3d at 936-37 (a defendant must demonstrate that applicable relief remained available in the grievance process). Once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. The ultimate burden, however, rests with the defendant. *Id.* Summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to the prisoner, shows a failure to exhaust. *Id.* at 1166, 1168; *see* Fed. R. Civ. P. 56(a).

. . . .

**IV.    Facts**

Pinal County Sheriff's Office (PCSO) Standard Operating Procedure 4.3 sets forth the procedure for detainees incarcerated in PCADC to grieve claims that arise during their incarceration.  (Doc. 22 ¶ 4.)  The grievance procedure generally requires a detainee to complete an Inmate Request Form within 5 days of the incident giving rise to the grievance.  (*Id.* ¶¶ 16, 19.)  The remaining steps in the procedure require the detainee to submit an Informal Resolution Form, a Formal Grievance Form, an appeal form, and a second-level appeal form.  (*Id.* ¶¶ 25-45.)

Defendants assert that Plaintiff submitted an Inmate Request Form on December 31, 2024 regarding the October 14, 2024 incident, but it was denied as untimely.  (*Id.* ¶¶ 54-55.)  Plaintiff asserts that the Inmate Request Form was wrongfully denied as untimely because he was in the hospital between October 14, 2024 and October 16, 2024.  (Doc. 35 ¶ 56.)[1]  Defendants assert they did not receive any other grievance forms from Plaintiff in relation to the October 14, 2024 incident.  (Doc. 22 ¶¶ 59-60, 65-67.)

Defendants issued the following Interrogatory request to Plaintiff:

> Describe in detail every effort you made to exhaust your administrative remedies at Pinal County Adult Detention Center ("PCADC") with respect to the allegation pled against Defendants in your Complaint, including reference to each Inmate Request Form, Informal Resolution Form, Formal Resolution and/or Grievance Appeal submitted by you, the date you submitted each, the date of each response, the name of the officer providing the response, and the final determination of each.

(Doc. 22-1 at 28-29.)

Plaintiff responded:

> on October 14, 2024, . . . he was abused by Officers Marion and Officer Prater. On October 21, 2024, Plaintiff received a

---

[1] To the extent Plaintiff's informal was improperly denied as untimely, Plaintiff does not assert that he was not given the opportunity to appeal that decision.  Rather, in his interrogatory response, Plaintiff asserts that he was able to submit an informal, formal, and a grievance appeal.

[sic] Informal Complaint form from Sgt. S. Carrion and Plaintiff return [sic] the Informal back later that day his Complaint [sic] to Sgt. Carrion. On October 31, 2024, Plaintiff received a response back denying his relief. On November 4, 2024, Plaintiff filed his Formal Grievance form given to him by Sgt. S. Carrion later that same day. On November 22, 2024, Plaintiff received a responses [sic] to his Formal Grievance. On November 27, 2024, Plaintiff filed his Grievance Appeal form given to him by Sgt. S. Carrion later that same day. On December 19, 2024 Plaintiff received the response to his Grievance Appeal denying him relief.

(*Id.* ¶ 63.)

**V.    Discussion**

There is a disputed issue of fact as to whether Plaintiff could submit the relevant grievances via inmate tablet at the relevant time. Plaintiff asserts that the inmate tablet allowed him to submit grievances on it at the relevant time and Defendants assert that inmate tablet had no such capability at that time. Defendants request that the Court disregard Plaintiff's testimony regarding the inmate tablet as self-serving. Statements in Plaintiff's personal knowledge must be taken as true, even absent other corroborating evidence. *See Nigro v. Sears, Roebuck & Co*., 784 F.3d 495, 497 (9th Cir. 2015) (the district court cannot "disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature[,]" even if it is uncorroborated).

In Response to the Motion for Summary Judgment, however, Plaintiff asserts new testimony that directly contradicts his Response to Defendants' Interrogatory. For instance, Plaintiff provides new dates that he allegedly submitted the grievances, inconsistent with the dates provided in response to the interrogatory, and Plaintiff asserts that he did not turn those grievances in on "forms," as he repeatedly states in response to the interrogatory, but instead submitted them via the tablet. Moreover, although the interrogatory requested "every effort you made to exhaust your administrative remedies at Pinal County Adult Detention Center," Plaintiff made no mention of submitting grievances via the inmate tablet in response to the interrogatory, and Plaintiff now contends that he completed the grievance process by submitting a Second Level Appeal, in contradiction to

his interrogatory response.

The Court cannot credit any of Plaintiff's testimony made in response to the Motion for Summary Judgment that contradicts his interrogatory response. *See Hall v. Eads*, No. CV-16-03855-PHX-JJT, 2018 WL 3575828, at *3 (D. Ariz. July 25, 2018) ("Mrs. Hall's deposition plainly contradicts the interrogatory responses offered in Plaintiffs' Response, warranting rejection under the "sham-affidavit" rule."); *Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir. 2009) ("The rationale underlying the sham affidavit rule is that a party ought not be allowed to manufacture a bogus dispute with *himself* to defeat summary judgment."). Here, Plaintiff has manufactured sham testimony entirely inconsistent with his previous interrogatory response, and the Court cannot credit that testimony.

Accordingly, the undisputed evidence before the Court shows that Plaintiff did not submit a second-level appeal to the Deputy Chief as required to properly exhaust his available administrative remedies. Accordingly, Defendants' Motion for Summary Judgment will be granted.

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion for Summary Judgment (Doc. 21) and Plaintiff's "Motion for the Court to Vacate Its Order Dated 03/30/2026 (Dkt. 31)" (Doc. 33).

(2)     Plaintiff's "Motion for the Court to Vacate Its Order Dated 03/30/2026 (Dkt. 31)" is **denied**.

(3)     Defendants' Motion for Summary Judgment (Doc. 21) is **granted**, and the action is terminated **without prejudice** for failure to properly exhaust available administrative remedies. The Clerk of Court must enter judgment accordingly.

Dated this 30th day of June, 2026.

_____
James A. Teilborg
Senior United States District Judge